```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| AUDREY LYNN HUBLER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WIDENER UNIVERSITY | : | NO. 05-01785-JF |

| | | |
|---|---|---|
| BRYAN UBER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WIDENER UNIVERSITY | : | NO. 05-01920-JF |

MEMORANDUM AND ORDER

Fullam, Sr. J.                                        June 13, 2005

      The above-captioned cases arise from a common factual nucleus, and will now be consolidated for all purposes.

      The defendant, Widener University, has filed a motion to dismiss in each case.  Contrary to defendant's arguments, I conclude that both complaints pass muster under the Fed. R. Civ. P. 12(b)(6) standard.  Ms. Hubler's complaint adequately alleges that, over an extended period, she was the victim of sexual harassment at the hands of a fellow student, who was also the son of a faculty member; and that the defendant's reaction amounted to studied neglect of the problem.  Since the harassment extended over a considerable period, and her complaints to the defendant were not finally resolved until the summer of 2003, her complaint filed in April 2005 was timely.  There were no mandatory

grievance procedures for her to follow, and, in any event, she adequately complained to the University.

Plaintiff Bryan Uber adequately alleges that he was disciplined in retaliation for having complained about the harassment of Ms. Hubler, and for assisting her in complaining to the police about the conduct of the fellow student. His complaint also sufficiently alleges a claim for violation of due process. According to his complaint, he was summarily ordered out of his dormitory and off the campus without a hearing of any kind; he was later given 24 hours' notice of the hearing, but was simultaneously notified that, although he could present the testimony of witnesses who were willing to testify, he could not compel the attendance of any witness; and that, while he was entitled to be represented by an advisor at the hearing, he would be required to furnish the name of the advisor at least 24 hours before the hearing (i.e., shortly before receipt of the notice).

The defendants' motions to dismiss these complaints will therefore be denied.

An Order follows.

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


AUDREY LYNN HUBLER                 :        CIVIL ACTION
                                   :
         v.                        :
                                   :
WIDENER UNIVERSITY                 :        NO. 05-01785-JF
_____

BRYAN UBER                         :        CIVIL ACTION
                                   :
         v.                        :
                                   :
WIDENER UNIVERSITY                 :        NO. 05-01920-JF
```

ORDER

   AND NOW, this 13th day of June 2005, IT IS ORDERED:

  1. The above-captioned actions are CONSOLIDATED for all purposes.

  2. Defendants' motions to dismiss the complaints in each action are DENIED.


              BY THE COURT:


              /s/ John P. Fullam
              John P. Fullam, Sr. J.